**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | ) | |
|---|---|---|
| **JAMES A. SMITH, III,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:08CV736 |
| | ) | |
| **BARRY LOWE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OPINION

This matter is before the Court on the Plaintiff's Motion to Reconsider (Docket No. 61), filed September 21, 2009. For the reasons set forth herein, Plaintiff's Motion to Reconsider is DENIED.

### I. BACKGROUND

On September 9, 2009, the Court granted summary judgment in favor of the Defendants, concluding that the Plaintiff and the Defendants were not partners with respect to an agreement to lease industrial compressors to a third party, North American Energy Services ("NAES"), because the Plaintiff had not demonstrated that he and the Defendants intended to "carry on as co-owners a business for profit" beyond the NAES lease. (Mem. Op. & Order, Sept. 9, 2009). Rather, the Court concluded that the Plaintiff was an independent contractor hired by the Defendants to service and maintain the leased compressors. (Id.). The Court specifically found that the agreement between Plaintiff and the Defendants was not a partnership, but an agreement to work together for a single transaction, because it was for a defined five-year period of time

with a single client, NAES, and would end unless the lease for the compressors was renewed by NAES. (Id.). But, even if renewed, the transaction would still only involve the same client for a finite period. The Court further noted that the parties shared no community interest in the compressors as property of the alleged partnership inasmuch as the loan and the lease were both executed in the name of Defendant J. Davis Holding Co. ("J. Davis"), and Plaintiff was not a party to either agreement. (Id.). Plaintiff timely filed the pending motion, asking the Court to reconsider its ruling on the Defendant's Motion for Summary Judgment on the ground that Plaintiff believes that the Court committed clear error which must be corrected to prevent manifest injustice. (Pl.'s Mot. to Reconsider 1).

## II. GOVERNING STANDARD

Plaintiff moves for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) permits a party to petition a court to alter or amend its judgment within "10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court may only amend or alter a judgment for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997). Rule 59(e) motions may not be used, however, "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion to amend a judgment "is an extraordinary remedy which should be used sparingly." Id.

## III. ANALYSIS

Plaintiff does not argue that there has been an intervening change in the law or that he

has new evidence that was previously unavailable.  Rather, Plaintiff contends that the Court made a clear error and must amend its Order to prevent manifest injustice.  (Pl.'s Mot. to Reconsider 3).  Specifically, Plaintiff argues that the Court made a factual error in finding that the business relationship between Plaintiff and Defendants would end with the termination of the NAES lease.  (Id. at 1).  Plaintiff contends that the relationship would not end because the term of the lease was renewable and the compressors would have a residual value.  (Id. at 2).  Plaintiff's supporting arguments simply restate arguments already considered by the court.  As noted, Rule 59(e) cannot be used to relitigate old matters.  See Pac. Ins. Co., 148 F.3d at 403.  Thus, Plaintiff's motion falls short of the requirements necessary for the court to alter or amend its judgment.

Moreover, the court is unpersuaded that it erred in granting Defendants' Motion for Summary Judgment.  Having reviewed the Memorandum Opinion and Order granting Defendants Motion for Summary Judgment, as well as the parties' arguments on the Plaintiff's Motion to Reconsider, the Court remains convinced that no reasonable factfinder could conclude that the Plaintiff and the Defendants were partners with respect to the lease of compressors to NAES.  As the Court explained in its Memorandum Opinion, the agreement between Plaintiff and Defendants was for the limited purpose of maintaining the compressors for the duration of the lease between J. Davis and NAES.  It was for a defined period of time and for the limited purpose of working with a single client.  The parties shared no community interest in the compressors as property of the alleged partnership as evidenced by the loan and the lease, which were both executed in the name of J. Davis, not the Plaintiff.  Plaintiff's argument that the compressors would have some residual value to which the Plaintiff would be entitled at the

conclusion of the lease between J. Davis and NAES is lacking in merit.

## IV.  CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Reconsider (Docket No. 61) is DENIED.

An appropriate Order shall issue.

                                                        /s/
                                     Dennis W. Dohnal
                                     United States Magistrate Judge

Richmond, Virginia
Dated: October 7, 2009